| | |
|---|---|
| 1  WILLIAM G. MALCOLM #129271<br>   MALCOLM ♦ CISNEROS<br>2  2112 Business Center Drive<br>   2nd Floor<br>3  Irvine, California 92612<br>   Telephone:   (949) 252-9400<br>4  Telecopier:  (949) 252-1032<br>   bill@mclaw.org<br>5<br>   Counsel for ONEWEST BANK, FSB | E-FILED 10/8/09 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA– LOS ANGELES DIVISION

| | |
|---|---|
| SVETLANA ABELYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ONEWEST BANK, as successor by acquisition of IndyMac Federal Bank, a Delaware Limited Liability Company; COLORADO FEDERAL SAVINGS BANK, a Colorado Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:09-CV-07163-CAS-AGR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST ONEWEST BANK, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Fed. R. Civ. P.* Rule 12(b)(6) & 56]<br><br>Date: November 9, 2009<br>Time: 10:00 a.m.<br>Ctrm: 5 |

**TO THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT COURT JUDGE, AND PLAINTIFF:**

PLEASE TAKE NOTICE that ONEWEST BANK, FSB (hereinafter, "ONEWEST") hereby moves the Court to dismiss Plaintiff's Complaint pursuant to the *Federal Rules of Civil Procedure* for failing to state a claim upon which relief may be granted or, in the alternative, for summary judgment, and expungement of lis pendens. This Motion is made and based upon Rules 12(b)(6) and 56 of the *Federal Rules of Civil Procedure*. This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial

notice has been requested, and any oral argument which may be presented at the time of the hearing.

Counsel for ONEWEST has complied with the Court's General Order requirement to meet and confer with the opposing party prior to filing the Motion.

Dated: October 7, 2009

                        MALCOLM ♦ CISNEROS

By:   /s/ William G. Malcolm
       WILLIAM G. MALCOLM
       Attorneys for ONEWEST BANK, FSB

I. **STATEMENT OF FACTS.**

On December 14, 2005 Plaintiff SVETLANA ABELYAN ("Plaintiff") executed a promissory note ("Note") promising to pay Colorado Federal Savings Bank, a predecessor in interest to ONEWEST BANK ("ONEWEST"), $650,000.00. *See* Complaint, p. 2, ¶ 5; copy of "Deed" identified hereafter.

The Note was secured by a Deed of Trust ("Deed") encumbering the real property located at 2344 Pennerton Drive, Glendale, CA 91206 ("Property"), which was executed by Plaintiff on December 14, 2005, and then recorded on January 10, 2006 in the official records of Los Angeles County, CA as instrument number 20060055899. A true and correct copy of the Deed is attached as Exhibit ("Exh.") 1, to the Request For Judicial Notice ("RJN") filed concurrently herewith.

Plaintiff failed to make payments on the Note, and by early 2009, there was a delinquency of $36,614.45. Notice of Default ("NOD"), RJN, Exh. 2. Representatives from Indymac, a predecessor in interest to ONEWEST, "tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ. Code Section 2923.5," but to no avail. Notice of Trustee's Sale ("NOTS"), RJN, Exh. 3, page 3. As a result, on August 13, 2009 a Trustee's Sale of the Property was scheduled for September 2, 2009. NOTS, RJN, Exh. 3. Plaintiff filed her complaint on August 27, 2009, and it was served on ONEWEST on September 1, 2009. The case was properly removed on October 1, 2009. This motion is being properly filed within five court days of the filing of the Notice of Removal.

ONEWEST now seeks to dismiss via this Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, *Fed. R. Civ. P.* §12(b)(6), or, in the alternative, for Summary Judgment, *Fed. R. Civ. P.* §56, and a Memorandum of Points and Authorities in Support thereof. Concurrent with this Rule 12(b)(6) Motion to Dismiss, ONEWEST is also filing a Request for Judicial Notice with three attached exhibits.

II. **DISCUSSION.**

A. **Dismissal Is Appropriate Under Rule 12(b)(6).**

The U.S. Supreme Court has recently enunciated the applicable standard of review for all complaints. "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994), exhibits attached to the complaint, as well as ***matters of public record may be considered*** in determining whether dismissal was proper without converting the motion to one for summary judgment. *Carpenter v. FDIC (In re Carpenter)*, 205 B.R. 600, 604 (BAP 9th Cir. 1997).

The court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the documents; (2) the document is central to the plaintiff's claim; and (3) and no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* The court may also take judicial notice of documents that are "a matter of general public record." **Error! Bookmark not defined.***Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). "To the extent, however, that matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *F. R. Civ. P.* §12(b); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir. 1990).

In this case, Plaintiff refers to and necessarily relies upon the Note, Deed, NOD, and NOTS. *See* Complaint, pages 2-6, ¶¶ 5-6, 25. As such, these documents are central to Plaintiff's claims and may be considered without converting the 12(b)(6) motion to a motion for summary judgment. *See, e.g., Marder*, 450 F.3d at 448. Furthermore, the Note, Deed, NOD, and NOTS are all matters of "general public record" which can be considered by this Court without converting this Motion to a summary judgment. Copies of these documents are attached to the RJN as Exhibits 1 – 3.

Additionally, a court is within its discretion to deny a party leave to amend if it determines that further attempts to amend would not be productive and/or futile, i.e., defect in

///

complaint is incurable. *See United States ex rel Roop v. Hypoguard USA, Inc.*, 559 F.3d 818 (8th Cir. 2008); *Lucente v. International Business Machines Corporation*, 310 F.3d 243 (2nd Cir. 2002); *Ruffolo v. Oppenheimer & Company*, 987 F.2d 129 (2nd Cir. 1993).

Each of Plaintiff's causes of action contain conclusory allegations lacking sufficient factual allegations necessary to support them—making them implausible on their face. Consequently, the Complaint should be dismissed.

### B. Alternatively Summary Judgment Is Appropriate.

Rule 12(b) of the *Federal Rules of Civil Procedure* provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A motion for summary judgment is governed by Rule 56 of the *Federal Rules of Civil Procedure*. Rule 56 allows a party to move, with or without supporting affidavits, for a summary judgment in the party's favor. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* §56(c).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986) (internal citations omitted). ***The device "allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources."*** *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (emphasis added).

The case against ONEWEST is unwinnable since all of Plaintiff's causes of action fail to set forth valid legal claims. Lack of a valid legal claim makes trial unnecessary even if the alleged facts are true. *See Gonzalez v. Torres*, 915 F.Supp. 511, 515 (D.P.R. 1996)).

///

C. **The First Cause of Action For Violation Of California Business & Professions Code (Violation of TILA And Regulation Z) Fails to State a Claim For Relief and Should Be Dismissed Or Summary Judgment Granted For Defendant.**

Plaintiff alleges that ONEWEST violated California *Business and Professions Code* §17200 by violating the "Truth In Lending Act." Complaint, page 5, ¶¶ 16-18. California *Business and Professions Code* §17200 prohibits any "unlawful, unfair or fraudulent business act or practice," and each unlawful act provides an independent basis for relief. *Podolsky v. First Health Corp.*, 50 Cal.App.4th 632, 647 (1996). The unlawful activity includes any act that can be appropriately called a business practice and is also prohibited by law. *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 112-13 (1972).

Plaintiff's cause of action is fatally flawed. Plaintiff's allegations are factually ambiguous and replete with conclusory allegations in regards to both facts and law. Furthermore, Plaintiff's allegations are merely general, formulaic statements and as a whole they fail to state claims against ONEWEST that are plausible on their face. As such, the Court should dismiss this cause of action without leave to amend or grant summary judgment for Defendant.

Further, Plaintiff fails to state a claim for relief under TILA even if everything in the alleged Complaint is true.

First, "TILA provides borrowers only two remedies for disclosure violations: (1) rescission, *see* 15 U.S.C. §1635, and (2) damages. *See* 15 U.S.C. §1640." *Eubanks v. Liberty Mortgage Banking Ltd.*, 976 F.Supp. 171, 174 (E.D.N.Y. 1997).

Plaintiff's damage claims under TILA are barred by the one-year statute of limitations contained in 15 U.S.C. §1640(e). TILA requires that debtors bring their claims for damages "within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. §1640(e). The Ninth Circuit has clarified that this period runs "from the date of consummation" of the transaction, which generally is defined as the date on which the money is loaned to the debtor. *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986), *cert. denied*, 484 U.S. 802, 108 S. Ct. 47, 98 L. Ed. 2d 11 (1987). Here, the money was loaned on the date of the closing, on or about December 14, 2005. The Complaint was filed over one year thereafter and well beyond the statutory time limit. The Ninth Circuit has rejected the application of a continuing violation theory to the TILA statute of limitations contained in 15 U.S.C. §1640(e) but does recognize that the doctrine of equitable tolling may, in appropriate circumstances,

suspend the limitations period until the borrower discovers, or had reasonable opportunity to discover, the fraud or nondisclosures that form the basis of the TILA action. *King*, 784 F.2d at 915. However, equitable tolling first requires the plaintiff to show that the creditor fraudulently concealed its violations. *Hubbard v. Fidelity Federal Bank*, 824 F. Supp. 909 (C.D. Cal. 1993), *aff'd* in part and *rev'd* in part, 91 F.3d 75 (9th Cir. 1996). "To toll the statute of limitations, plaintiffs must plead fraudulent concealment with particularity." *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1454 (D. Haw. 1996).

Here, Plaintiff has failed to plead fraudulent concealment at all, let alone with particularity. Plaintiff does not allege that ONEWEST *actively concealed* anything. Moreover, the allegations lack any specificity such that they amount to merely formulaic, general, and conclusory statements regarding fact or law and thus, fail to provide "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

Third, even if the Court should determine that the statute of limitations has not run, Plaintiff fails to allege exactly how ONEWEST violated TILA, Regulation Z. The allegations contained within the cause of action fail to allege any facts supporting TILA or Regulation Z violations by ONEWEST but instead are merely ambiguous, general and conclusory statements of law and/or fact. Plaintiff's claims under TILA and Regulation Z are woefully short of setting forth facts sufficient to "state a claim for relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 544.

Finally, even if TILA and Regulation Z were violated, which ONEWEST denies, and the statutory time limits have not expired, ONEWEST would be entitled to summary judgment because of Plaintiff's failure to tender the loan proceeds. The Ninth Circuit Court of Appeals has held that rescission should be conditioned upon repayment of the loan proceeds and that a court errs when it fails to condition rescission upon repayment, at least where the TILA violations are not egregious. *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976).

In *Yamamoto v. Bank of New York*, the Ninth Circuit affirmed the lower court's grant of summary judgment, dismissing the borrowers' rescission claim, where the borrower could not provide evidence that he could tender the loan proceeds before trial. 329 F.3d 1167, 1168, 1173 (9th Cir. 2003). The Ninth Circuit rejected the debtors' argument that the district court had erred in rejecting their rescission claim without even determining whether TILA was violated. *Id.* at 1169. In the present case, there is no evidence that Plaintiff can afford to repay

the loan proceeds and has not offered to do so. As such, the Court need not resolve Plaintiff's rescission claim.

### D. Plaintiff's Second Cause of Action Fails To Establish Any Claim For Injunctive Relief.

California Courts have held that the threat of irreparable injury is not enough to justify an injunction in the context of foreclosure sales, where it is always possible to claim irreparable harm because of the unique nature of real property. As one such court stated:

> In a practical sense it is ***appropriate to deny an injunction where there is no showing of reasonable probability of success***, even though the foreclosure will create irreparable harm, because there is no justification in delaying that harm where, although irreparable, it is also inevitable.

*Jessen v. Keystone Savings & Loan Ass'n.* (1983) 142 Cal.App.3d 454, 459, 191 Cal.Rptr. 104, 108 (emphasis added). Furthermore, "Injunctive relief is a remedy and not, in itself, a cause of action . . . ." *McDowell v. Watson*, (1997) 59 Cal. App. 4th 1155, 1159. An injunction "may not be issued if the underlying cause of action is not established." *Art Movers v. Ni W.*, (1992) 3 Cal.App.4th 640, 647. Thus, no injunction may issue to the extent the complaint fails to state a cause of action. *Korean Am. Legal Advocacy Found. v. City of L.A.*, (1994) 23 Cal.App.4th 376, 397-398. Courts have further held that a posting of a bond is required when a preliminary injunction is granted:

> Upon granting a preliminary injunction, a court must require a bond (*Code Civ. Proc.*, §529) or allow a deposit in lieu thereof (*Code Civ. Proc.*, §1054a) to protect the party against whom the injunction lies. The amount of bond is fixed by the judge, exercising sound discretion, based on the probable damage the enjoined party may sustain because of the injunction (see *Code Civ. Proc.*, §529).

*Hummell v. Republic Fed. Savings & Loan Ass'n.*, (1982) 133 Cal.App.3d 49, 51.

Plaintiff's claim for injunctive relief in this case is flawed on several grounds. First, Plaintiff has failed to post such a bond in this case. Second, ONEWEST has already demonstrated it has legal right to the Property as beneficiary under the Deed and holder of the Note. RJN, Exhs. 1–3.

> To issue an injunction is the exercise of a delicate power, requiring great caution and sound discretion, and rarely, if ever, should [it] be exercised in a doubtful case . . . . In deciding whether to issue a preliminary injunction, a trial court must evaluate two interrelated factors: (i) the likelihood that

> the party seeking the injunction will ultimately prevail on the merits of his claim, and (ii) the balance of harm presented, i.e., the comparative consequences of the issuance and nonissuance of the injunction. [A]n injunction pendente lite must not issue unless it is reasonably probable that the moving party will prevail on the merits . . . .

*Fleishman v. Superior Court*, (2002) 102 Cal.App.4th 350, 355-56, 125 Cal.Rptr.2d 383 (internal citations omitted).

ONEWEST has clearly demonstrated ***Plaintiff's case is at least doubtful*** regarding the rights he claims to have in the subject Property and he is unlikely to prevail on the merits of her allegations and claims in this case. Therefore, Plaintiff fails to state a claim for any kind of injunctive relief under the circumstances of this case.

Fourth, in addition to Plaintiff's failure to state a viable claim that the foreclosure process was illegal, it is well settled law in California that an action to set aside a trustee's foreclosure sale under a deed of trust must be accompanied by a valid and viable tender of payment of the indebtedness owing. *Great Western Sav. & Loan Ass'n*, (2005) 165 Cal. App. 3d 1214, 1225.

> "It is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize."
>
> In giving determinative force to the application of the principle of equity-jurisprudence just enunciated, the court has taken requisite cognizance of the fact that it appears without any conflict that the plaintiff was both at the time of the exercise of the power of foreclosure and is now in substantial default in the performance of the obligation of her contract and that she has in no manner shown by the evidence any ability to presently relieve herself from such defaults. Equity will not interpose its remedial power in the accomplishment of what would seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.

*Karlsen v. American Savings and Loan Assn.*, (1971) 15 Cal.App.3d 112, 117-118 (internal citations omitted).

Because the Complaint is unaccompanied by a valid and viable tender of payment of the indebtedness owing, Plaintiff does not state a cognizable claim for relief. For all the above reasons, Plaintiff's Complaint fails to state a claim for injunctive relief. Because it is unlikely that any further amendment by Plaintiff would cure the demonstrated defects, the Court

should dismiss this cause of action without leave to amend or grant summary judgment for Defendant.

### III. CONCLUSION.

All causes of action fail to allege any specifics as to time and place of improper acts, the contents of allegedly false representations, the identity of a single individual who conducted improper activities or made fraudulent representations chargeable to ONEWEST. Instead, the causes of action contained allegations which did not support and/or contradicted Plaintiff's claims (with some claims being barred by their respective statutes of limitations), allegations that are incomprehensible, unintelligible, utterly confusing, factually ambiguous, and allegations replete with conclusory statements such that the Complaint fails to give ONEWEST fair notice of the claims against it, are likely incurable via further amendment, and based on all the foregoing would be unwinnable against ONEWEST. Therefore, the Court should dismiss Plaintiff's Complaint in its entirety or grant summary judgment for Defendant on all causes of action contained therein.

DATED: October 7, 2009

MALCOLM ♦ CISNEROS

By: /s/ William G. Malcolm
WILLIAM G. MALCOLM
Attorneys for ONEWEST BANK, FSB.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On October 8, 2009, I served the following document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST ONEWEST BANK, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[x] <u>VIA MAIL -- CCP §§ 1013(a); 2015.5</u>: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[ ] <u>VIA FACSIMILE</u>: By faxing a true copy thereof to the Facsimile Number indicated above, and obtaining a confirmation receipt that the transmission of the document was successful.

[ ] <u>VIA OVERNIGHT DELIVERY</u>: By placing a true copy thereof enclosed in a sealed next business day envelope, and placing each for collection and mailing on said date following ordinary business practices.

[ ] <u>VIA PERSONAL DELIVERY</u>: By placing a true copy thereof enclosed in a sealed next envelope, and causing such envelope to be personally delivered to the address listed on the attached service list. A separate proof of service by the party who delivered the envelope is available upon request.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed October 8, 2009, at Irvine, California.

_____
LISA BECKHAM

MDF:/MC44158 Abelyan POS.wpd

PROOF OF SERVICE
-1-

| | |
|---|---|
| 1 | **ABELYAN v. ONEWEST BANK**<br>**SERVICE LIST** |
| 2 | |
| 3 | Stephen P. Collette, Esq. |
| 4 | John Haubrich, Jr., Esq.<br>STEPHEN COLLETTE & ASSOCIATES |
| 5 | 811 Wilshire Blvd., Suite 1200<br>Los Angeles, CA 90017 |