UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Damian Richard | |

**Proceedings:** **DEFENDANT ONEWEST BANK'S MOTION TO DISMISS COMPLAINT, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** (filed 10/08/09)

## I.   INTRODUCTION

On August 27, 2009, plaintiff Svetlana Abelyan filed suit in Los Angeles Superior Court against defendants OneWest Bank ("OneWest"), as successor by acquisition of IndyMac Federal Bank, Colorado Federal Savings Bank ("Colorado"), and Does 1 through 10, alleging claims for: 1) unlawful and unfair business practices under Cal. Bus. & Prof. Code § 17200; and 2) permanent injunction.

On October 1, 2009, defendant OneWest removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On October 8, 2009, defendant OneWest filed the instant motion to dismiss plaintiff's complaint, or in the alternative for summary judgment. On October 26, 2009, plaintiff filed an opposition. No reply was filed. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   BACKGROUND

The instant action arises from a mortgage loan transaction on plaintiff's principal residence, located at 2344 Pennerton Drive, Glendale, CA 91206. Compl. ¶ 5. On December 14, 2005, plaintiff refinanced her mortgage loan with defendant Colorado. Compl. ¶ 5. Plaintiff alleges that the "First Trust Deed" in the amount of $650,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

provided for an initial interest rate of 1% per annum, but that this rate existed for "a little over a month." Compl. ¶ 6. Plaintiff further alleges that after one month, the interest rate began to be calculated by adding 3.9% to the twelve month United States Treasuries Securities Index. Compl. ¶ 6. Plaintiff alleges that the interest rate then adjusted every month based on this index. Compl. ¶ 6. Plaintiff further alleges that she did not initially notice "this complicated series of changes to [her] interest rate," because the minimum monthly payment of $2,090.66 continued to be calculated at the initial teaser rate of 1% and the unpaid interest was added to the principal amount of the loan. Compl. ¶ 6.

Plaintiff alleges that defendant Colorado used misleading business practices to "coerce" her into taking on the loan, and that "there exist significant Truth in Lending violations arising from the . . . loan." Compl. ¶¶ 7, 10. Plaintiff alleges that defendant OneWest subsequently purchased her loan and began servicing it, even though disclosure violations were evident on the face of the loan documents and it was a "Negative Amortization" loan. Compl. ¶ 13.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

B. **Summary Judgment**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

    In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**III. DISCUSSION**

    **A.    Plaintiff's California Business and Professions Code Claim**

    In her Cal. Bus. & Prof. Code § 17200 claim against defendant, plaintiff alleges that defendant was aware that the loans it purchased and serviced contained a "clause designed to mislead [plaintiff] and other consumers." Compl. ¶ 16. Plaintiff further alleges that defendant Colorado placed plaintiff "in a negatively amortized loan knowing that it was unclear that loan had a negatively amortizing feature," which was a violation of TILA. Compl. ¶ 17.

    Defendant argues that plaintiff's allegations to substantiate her Cal. Bus. & Prof. Code § 17200 claim "are factually ambiguous and replete with conclusory allegations in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

regards to both facts and law." Mot. at 6. Defendant contends that plaintiff fails to state a claim against defendant that is plausible on its face. Id.

Defendant further argues that plaintiff's damage claims under Cal. Bus. & Prof. Code § 17200 pursuant to the Truth in Lending Act ("TILA") are barred by the one year statute of limitations contained in 15 U.S.C. § 1640(e), because the loan was made on December 14, 2005. Id. Defendant asserts that this period runs "from the date of consummation" of the transaction, which generally is defined as the date on which the money is loaned to the debtor. Id. (citing King v. State of Cal., 784 F.2d 910, 913 (9th Cir. 1986)). Defendant further argues that equitable tolling does not apply here, because plaintiff does not allege that defendant actively concealed anything. Id. at 7 (citing Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1454 (D. Haw. 1996) ("To toll the statute of limitations, plaintiffs must plead fraudulent concealment with particularity."). Defendant contends that even if the statute of limitations has not run, plaintiff fails to allege exactly how defendant violated TILA, and thus fails to set forth facts sufficient to "state a claim for relief that is plausible on its face." Id. (citing Twombly, 550 U.S. at 544).

Plaintiff responds that she does not seek the relief provided for by TILA, but instead "seeks restitution and injunctive relief from the onerous terms of the loan" under Cal. Bus. & Prof. Code § 17200. Opp'n at 6. Plaintiff argues that she has pled the requisite allegations to sustain a claim under Cal. Bus. & Prof. Code § 17200, because she has pled that the defendant has fraudulently misrepresented the true terms of its loans. Id. Plaintiff argues that she alleged in her complaint that defendant's agent contacted her claiming he could arrange an advantageous loan for her, but then failed to disclose that this loan had an adjustable rate feature. Id. at 6-7. Plaintiff contends that she alleged that the negative amortization features of the loan were concealed from her, and were put into a loan she could not afford. Id. at 7. Plaintiff further contends that she filed her action within the four year statute of limitations dictated by the UCL, and thus her claim is not time-barred. Id.

To establish a claim under the "fraudulent" prong of the UCL, a plaintiff must demonstrate that "members of the public are likely to be deceived." Williams v. Gerber Products Co., 523 F.3d 934, 938 (9th Cir. 2008). The gravamen of plaintiff's claim is that defendant fraudulently failed to disclose all the terms of her loan. However, "absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL." Buller v. Sutter Health et al., 160 Cal. App. 4th 981, 987 (2008). In her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

complaint, plaintiff does not specifically allege any required duty to disclose on the part of defendant. Accordingly, the Court concludes that dismissal of plaintiff's UCL claim is appropriate.

To the extent that plaintiff seeks relief pursuant to TILA, the Court finds that any claim by plaintiff for monetary damages is time-barred. See King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986). While equitable tolling of claims for damages under TILA may be appropriate in certain circumstances, when a plaintiff does not allege any facts demonstrating that she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir.2003) (dismissing TILA claim and equitable tolling of the claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations). The Court finds that plaintiff has failed to plead sufficient facts to demonstrate that she could not have discovered the alleged violations by exercising due diligence, and thereby would be entitled to equitable tolling of any alleged TILA damages claim. See Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009) (finding that even though plaintiffs alleged that they were not familiar with mortgage transactions, English was not their first language, and the disclosures were unclear, plaintiffs failed to sufficiently plead entitlement to equitable tolling because they did not provide facts suggesting they could not have discovered the TILA violations through due diligence); see also Suguri v. Wells Fargo Bank, N.A., 2009 WL 2486546, at *3 (C.D. Cal. Aug. 7, 2009) (granting dismissal when faced with similar allegations). Accordingly, the Court finds that if plaintiff alleges a TILA damages claim, it is time-barred and thus dismissal is appropriate.

Furthermore, the remedy of rescission is available for three years under TILA § 125(f), 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance on the promissory note. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir.2003) ("Rescission should be conditioned on repayment of the amounts advanced by the lender."); LaGrone v. Johnson, 534 F.2d 1360, 1392 (9th Cir.1974). Accordingly, the Court finds that plaintiff has not stated a claim for rescission under TILA, because she has failed to allege that she has tendered or intends to tender the borrowed funds back to OneWest. Thus, the Court concludes that to the extent that plaintiff seeks the remedy of rescission under TILA, dismissal of this claim is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

### B. Plaintiff's Injunctive Relief Claim

Plaintiff requests injunctive relief to enjoin defendant "from selling plaintiff's real property located at 2344 Pennerton Drive, Glendale, CA 91206." Compl. ¶ 26.

Defendant contends that plaintiff's claim for injunctive relief cannot stand, because "[i]njunctive relief is a remedy and not, in itself, a cause of action . . . ." Mot. at 8 (citing McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997)). Defendant further contends that plaintiff has failed to post a bond, which is required when a preliminary injunction is granted. Mot. at 8 (citing Hummell v. Republic Fed. Savings & Loan Ass'n, 133 Cal. App. 3d 49, 51 (1982)). Defendant argues that it has already demonstrated that it has legal right to the property as beneficiary under the Deed. Id. Defendant further argues that in California, an action to set aside a trustee's foreclosure sale under a deed of trust must be accompanied by a valid and viable tender of payment of the debt. Mot. at 9 (citing Great Western Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (1985)).

Plaintiff argues that the UCL expressly provides for injunctive relief, and that her complaint meets all the requirements for granting injunctive relief under the UCL. Opp'n at 7 (citing Cal. Bus. & Prof. Code § 17203). Plaintiff further argues that absent an injunction, her property will be sold at a foreclosure sale, based on the predatory lending practices of defendant. Id. at 8. Plaintiff argues that she will be unduly prejudiced if injunctive relief is not issued preventing defendant from foreclosing on her home. Id.

Because the Court finds dismissal of plaintiff's UCL claim appropriate, plaintiff's request for injunctive relief under the UCL is thereby dismissed. To the extent that plaintiff's claim for injunctive relief is a separate claim, it must be dismissed. McDowell, 59 Cal. App. 4th at 1159 ("Injunctive relief is a remedy and not, in itself, a cause of action . . . .") (internal quotations omitted).

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss plaintiff's complaint in its entirety with leave to amend. Plaintiff shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. Plaintiff is admonished that in the event that plaintiff does not amend his complaint within thirty (30) days, the Court will dismiss this action with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

IT IS SO ORDERED.

00  :  02

Initials of Preparer     CMJ