UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| ISABEL MARTINEZ/ CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Jeff Neiderman | | Brian Thomley | |

**Proceedings:** **DEFENDANT'S MOTION TO DETERMINE THAT NO TEMPORARY RESTRAINING ORDER IS IN EFFECT OR, IN THE ALTERNATIVE, TO DETERMINE THAT NO PRELIMINARY INJUNCTION SHOULD ISSUE** (filed 05/13/11)

## I. INTRODUCTION

To avoid repetition, the Court will not recite the entire factual and procedural record in its January 3, 2011 Order. See Doc. 34. Below, the Court highlights only those facts relevant to the disposition of this motion.

On August 27, 2009, plaintiff Svetlana Abelyan filed suit in Los Angeles County Superior Court against defendants OneWest Bank ("OneWest"), as successor by acquisition of IndyMac Federal Bank; Colorado Federal Savings Bank ("Colorado"); and Does 1 through 10. On August 31, 2009, plaintiff filed an Ex Parte Application for a Temporary Restraining Order to Enjoin the Trustee's Sale of Plaintiffs' Real Property ("TRO").[1] Deft.'s RJN, Exh. 4. On August 31, 2009, the Los Angeles County Superior Court entered an order granting the TRO and set an Order to Show Cause re: Issuance of a Preliminary Injunction for October 2, 2009. Deft.'s RJN, Exh. 5. On October 1, 2009, defendant OneWest removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the October 2, 2009 hearing in the Los Angeles Superior Court was vacated and there has been no order dissolving the TRO.

---

[1] The Court GRANTS OneWest's request for judicial notice with respect to Exhibits 4 and 5. See Defendant OneWest's Request for Judicial Notice ("RJN") at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

    Since this case was removed, the Court has dismissed plaintiff's complaint in its entirety three times, each time with leave to amend, but has not entered an order granting a preliminary injunction. See Docs. 8, 14, 22. On January 3, 2011, the Court entered an order granting in part and denying in part OneWest's motion to dismiss plaintiff's third amended complaint ("TAC'), which is now the operative complaint before the Court. Although OneWest has recorded a Notice of Default and Notice of Trustee's Sale on the subject property, it does not appear that a foreclosure sale on the property is currently scheduled.

    On May 15, 2011, OneWest filed the instant motion, styled as a "Motion to Determine that No Temporary Restraining Order Is In Effect Or, In The Alternative, To Determine That No Preliminary Injunction Should Issue." On May 27, 2011, plaintiff filed an opposition to OneWest's motion.[2] OneWest replied on June 2, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.  DISCUSSION**

    OneWest asks this Court to determine that there is no TRO preventing the sale of the subject property. Mot. at 1. OneWest argues that the TRO issued by the Los Angeles County Superior Court has dissolved by its own terms and by operation of law, but, "[i]n the abundance of caution," seeks an order from this Court confirming the TRO's dissolution. Id. In the alternative, OneWest requests that this Court dissolve any TRO currently in place and find that the equities do not warrant granting a preliminary injunction. Id.

    Plaintiff responds that OneWest's motion is premature and improperly seeks an advisory opinion. Opp'n at 7. The Court disagrees. "The jurisdiction of federal courts is defined and limited by Article III of the Constitution. In terms relevant to the question for decision in this case, the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'" Flast v. Cohen, 392 U.S. 83, 94 (1968). "[A] federal court

---

    [2] On May 20, 2011, the Court entered an order denying plaintiff's ex parte application to continue defendant's motion and directed plaintiff to file an opposition to the motion on or before May 27, 2011. See Doc. 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (internal quotation marks omitted). However, "a person subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage. If this looks like a request for an 'advisory opinion,' it is one that even a federal court can grant, in order to prevent unwitting contempts." Hendrix v. Page (In re Hendrix), 986 F.2d 195, 200 (7th Cir. 1993). By this motion, OneWest is attempting to avoid the risk that a possible foreclosure sale of the subject property would violate a prior court-ordered injunction. OneWest may properly seek an order from this Court, as the court administering the injunction, that the TRO issued by the state court is no longer in effect.[3] See In re Hendrix, 986 F.2d at 200.

      Having determined that OneWest's motion does not require the Court to issue an advisory opinion, the Court proceeds to determine whether the TRO issued by the state court on August 31, 2009 is in effect. The Supreme Court has held that "[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 440 (1974). Section 527 of the California Code of Civil Procedure, under which the TRO was issued, provides that temporary restraining orders must be returnable on an order to show cause no later than 15 days from the date of the order, 22 days if good cause is shown, and unless the party obtaining the order then proceeds to submit its case for a preliminary injunction, "the court shall dissolve the temporary restraining order."

---

      [3] Despite the fact that the state court issued the TRO, this Court is clearly administering it. See Carvalho v. Equifax Information Servs., LLC, 629 F.3d 876, 887 (9th Cir. 2010) ("After removal, the federal court takes the case up where the State court left it off. The federal court treats everything that occurred in the state court as if it had taken place in federal court. Consequently, an order entered by a state court should be treated as though it had been validly rendered in the federal proceeding.") (internal quotation marks, citations and alterations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

Cal. Civ. Proc. Code § 527(d). Rule 65(b) of the Federal Rules of Civil Procedure provides that a temporary restraining order issued without notice "expires at the time after entry–not to exceed 14 days–that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Therefore, the TRO expired, at the latest, on October 2, 2009, the date of the Order to Show Cause hearing scheduled by the state court. See Granny Goose, 415 U.S. at 440 n.15 ("Where the state court issues a temporary restraining order of 15 days' duration on Day 1 and the case is removed to federal court on Day 13, the order will expire on Day 15 in federal court just as it would have expired on Day 15 in state court.").

      Given that the TRO dissolved by operation of law over one-and-a-half years ago, and no foreclosure sale on the property is currently scheduled, the Court declines to rule on whether to issue a preliminary injunction until plaintiff moves for such an injunction. To decide at this stage that no preliminary injunction should issue would constitute an impermissible advisory opinion. See Preiser, 422 U.S. at 401. OneWest appears to suggest that the Court has discretion to treat the hearing on the instant motion as a Rule 65(a) hearing to determine whether a preliminary injunction should issue. Mot. at 5. Although it is unclear from OneWest's moving papers, apparently OneWest bases its argument on language from Granny Goose stating that where a party moves to dissolve or modify a TRO pursuant to Rule 65(b)(4), under certain circumstances the court may treat the hearing as if it were a hearing on an application for a preliminary injunction. See Granny Goose, 415 U.S. at 441 ("Situations may arise where the parties, at the time of the hearing on the motion to dissolve the restraining order, find themselves in a position to present their evidence and legal arguments for or against a preliminary injunction. In such circumstances, of course, the court can proceed with the hearing as if it were a hearing on an application for a preliminary injunction."). In this case, however, OneWest's filing cannot be treated as a motion to dissolve or modify the TRO under Rule 65(b)(4) because, as discussed above, the TRO dissolved by operation of law on October 2, 2009. Accordingly, the appropriate procedure in this case is for OneWest, if it so chooses, to proceed with a foreclosure sale on the property. If OneWest does so, then plaintiff may seek injunctive relief from this Court relating to the impending foreclosure sale.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7163 CAS (AGRx) | Date | June 13, 2011 |
|---|---|---|---|
| Title | SVETLANA ABELYAN v. ONEWEST BANK, ETC.; ET AL. | | |

## III.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS OneWest's motion to determine that no temporary restraining order is currently in effect.  The Court DENIES OneWest's motion to determine that no preliminary injunction should issue.

IT IS SO ORDERED.

|  | : | 03 |
|---|---|---|
| Initials of Preparer | IM | |